UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

ALEXANDRIA ADORNO,

    Plaintiff,

v.

CUSHMAN AND WAKEFIELD, US INC.
A Foreign Profit Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Alexandria Adorno, ("Ms. Adorno" or "Plaintiff") files this Complaint against Defendant, CUSHMAN AND WAKEFIELD, US INC ("C&W" or "Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her ADA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant in Broward County, Florida, and this venue is therefore proper.

6. Defendant is a Foreign Profit Corporation that is located and does business in Broward County, Florida, and is therefore within the jurisdiction of the Court.

7. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

   b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability," and her request for reasonable accommodation.

8. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

**CONDITIONS PRECEDENT**

9. On or around January 13, 2023, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

10. More than 180 days have passed since the filing of the Charge of Discrimination.

11. On or around April 3, 2024, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

12. Plaintiff timely files this action within the applicable period of limitations against Defendant.

13. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

14. Ms. Adorno worked for C&W as a Property Administrator in Fort Lauderdale, Florida, from January 31, 2022, until her unlawful and retaliatory termination on April 18, 2022.

15. On March 30, 2022, Ms. Adorno experienced a flareup of a disability, which was eventually diagnosed as enteritis and an ovarian cyst, among other complications.

16. At the time, Ms. Adorno knew only that she was in pain, sick to her stomach, and had to leave work two (2) hours early that day.

17. On Friday, April 15, 2022, Ms. Adorno was ordered by her Supervisor, Milly Pinero, to move big heavy boxes around in the copy room in order to "organize" the copy room.

18. Ms. Adorno, who is small in stature, struggled with the herculean task, and got her monthly period while hefting the heavy boxes.

19. She had to excuse herself while moving and shifting the heavy boxes to go to the restroom and get sanitary napkins.

20. Ms. Adorno went home in excruciating pain that evening.

21. The pain persisted that evening and Ms. Adorno was hospitalized over that weekend.

22. While hospitalized that weekend, Ms. Adorno's treating physicians diagnosed her with enteritis, an ovarian cyst in her left ovary, and fluid in her right ovary, and theorized a possible rupture of some kind in the right ovarian cyst.

23. On Sunday, April 17, 2022, notwithstanding the excruciating pain and being laid up in a hospital bed, Ms. Adorno reached out to Ms. Pinero to let her and C&W know that she was suffering a disability and was currently in the hospital to treat and address it.

24. Additionally, Plaintiff informed Ms. Piner that she needed the reasonable accommodation of a day off, as her physician had decided to keep her hospitalized for another day.

25. Ms. Adorno's disability disclosure and requests are considered "protected activity" under the ADA/FCRA.

26. The very next day, April 18, 2022, C&W decided to terminate Ms. Adorno's employment, effective immediately.

27. C&W offered no cogent explanation for taking this extreme adverse employment action against Ms. Adorno.

28. It is clear that C&W discriminated against Ms. Adorno based on disability or its perception of Ms. Adorno as disabled, as well as her request for accommodation.

29. Any other "reason" theorized after the fact by C&W for its treatment and termination of Ms. Adorno is pure pretext.

30. It is clear that Ms. Adorno's disability and request for accommodation/leave were seen as problematic to C&W managers, and they believed the solution was to simply force her out.

31. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of her job.

32. Defendant's termination of Plaintiff stemmed from its discriminatory animus toward her disability and her need for accommodation under the ADA/FCRA.

33. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

34. The timing of Plaintiff's termination makes the causal connection between her disability disclosure/request for reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

35. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

36. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

37. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment.

38. Therefore, she is protected class member as envisioned by the ADA and the FCRA.

39. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

40. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA and FCRA were intended to prevent.

41. Defendant did not have a good faith basis for its actions.

42. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

43. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

44. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

45. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 45 above.

47. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

48. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

49. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

50. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

51. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

52. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

<u>**COUNT II**</u>
<u>**DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT**</u>
<u>**BASED ON DISABILITY**</u>

53. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 45, above.

54. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

55. The discrimination to which Plaintiff was subjected was based on her disability/handicap, or "perceived disability."

56. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

57. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

58. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

59. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 45, above.

59. Plaintiff was terminated within close temporal proximity of her objections to Defendant that he felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

60. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

61. Plaintiff was terminated as a direct result of her objections to what he reasonably believed to be disability discrimination, and her request for reasonable accommodation.

62. Plaintiff's protected activity, and her termination, are causally related.

63. Defendant's stated reasons for Plaintiff's termination are a pretext.

64. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

67. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 45, above.

69. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

70. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

71. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

72. Plaintiff's protected activity, and her termination, are causally related.

73. Defendant's stated reasons for Plaintiff's termination are a pretext.

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

76. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

77. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 14th day of May 2024.

Respectfully Submitted,

**By: /s/ Noah Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Counsel for Plaintiff*